# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION
### CIVIL ACTION NO. 3:21-CV-00380-BJB-RSE

**TONYA GIVENS BROWN**                                                    **PLAINTIFF**

**VS.**

**ENSITE USA, INC.**                                                       **DEFENDANT**

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant EnSite USA, Inc.'s ("EnSite's") Motion to Consolidate. (DN 17). Plaintiff Tonya Givens Brown ("Brown") has responded in opposition. (DN 29). EnSite has replied. (DN 35). Fully briefed, this matter is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter has been referred to the undersigned United States Magistrate Judge. (DN 4).

### I.  Background

On June 12, 2021, Tonya Brown filed this lawsuit seeking unpaid wage and overtime compensation under the Fair Labor Standards Act ("FLSA") and the Kentucky Wage and Hour Laws ("KWHL"). (DN 1, at p. 1–2). According to Brown, she was employed as a Chief Inspector by EnSite from approximately January 2014 through at least the time her Complaint was filed. (*Id.* at p. 3). During that time, Brown alleges she worked ten to twelve-hour days for periods of ten to fourteen days straight while earning a set day rate. (*Id.* at p. 4). Brown claims she did not receive overtime compensation for work performed beyond the standard forty-hour work week. (*Id.* at 4).

Nine cases alleging nearly identical causes of actions were filed by Plaintiff's counsel on the same day.[1] Additionally, one class action complaint asserting many of the same causes of

---

[1] The cases are *Tonya Givens Brown v. EnSite USA, Inc.*, Case No.: 3:21-cv-00380-BJB; *John Cunningham v. EnSite*

action was filed on June 28, 2021, approximately two weeks later.[2] Like Brown, the plaintiffs in eight of the related matters assert FLSA and KWHL violations for nonpayment of overtime. (*See* DN 17-1; 17-2; 17-3; 17-4; 17-5; 17-6; 17-8; 17-9). Plaintiff Norris Albert asserts Rule 23 class allegations under the FLSA, KWHL, and Ohio Minimum Fair Wage Act ("OMFWA") related to nonpayment of overtime. (DN 17-7). On August 4, 2021, EnSite filed its answer and moved to consolidate all ten cases for pre-trial purposes. (DN 16; DN 17). In September 2020, Plaintiff's counsel filed three additional complaints against EnSite on behalf of plaintiffs Jack Buehner, Kevin Perkins, and Mark Baber.[3] These complaints bring the same causes of action as the nine matters filed on June 12, 2021. The Court will therefore consider *sua sponte* whether to consolidate these matters with those named in Defendant's motion.[4]

The parties have relevant history predating the filing of Brown's complaint. In 2018, Plaintiff's counsel filed an FLSA collective action in the United States District Court for the Southern District of Texas on behalf of a nationwide group of EnSite inspectors, including many of the plaintiffs in the thirteen similar matters. (*Doyle v. EnSite*, Civil Action No. 4:18-CV-2941 (complaint attached as DN 17-10)). The representative plaintiff in *Doyle v. EnSite* alleged the same or substantially similar causes of actions as those in the individual matters filed in this Court. In *Doyle*, the parties stipulated to conditional certification, which the court granted. EnSite later

---

*USA, Inc.*, Case No: 3:21-CV-00381-BJB; *Richard Fleming v. EnSite USA, Inc.*, Case No: 3:21-CV-00382-BJB; *Roger Dale Groves v. EnSite USA, Inc.*, Case No: 3:21-CV-00383-BJB; *Philip Ray Miller v. EnSite USA, Inc.*, Case No: 3:21-CV-00384-BJB; *Dave Schoenbachler v. EnSite USA, Inc.*, Case No: 3:21-CV-00385-BJB; *Michael Townsend v. EnSite USA, Inc.*, Case No: 3:21-CV-00386-BJB; *John Wells v. EnSite USA, Inc.*, Case No: 3:21-CV-00387-BJB; and *Ronald Zingg v. EnSite USA, Inc.*, Case No: 3:21-CV-00388-BJB.

[2] *Norris Albert v. EnSite USA Inc.*, Case No: 3:21-CV-00418-BJB.

[3] *See Jack Buehner v. EnSite USA, Inc.*, Case No: 3:21-CV-00574-BJB; *Kevin Perkins v. EnSite USA, Inc.*, Case No: 3:21-CV-00581-BJB; and *Mark Baber v. EnSite USA, Inc.*, Case No: 3:21-CV-00594-BJB.

[4] *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir.1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*."); *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964) ("Under Fed. R. Civ. P. 42, a court may consolidate related actions on its own, without a motion from a party.").

moved to decertify the collective action. On April 23, 2021, Plaintiffs filed a Motion for Rule 23 Class Certification related to the KWHL and OMFWA state law claims. EnSite moved for partial summary judgment the same day. On May 19, 2021, the court granted EnSite's decertification motion, and on May 21, 2021, plaintiff Doyle withdrew his Motion for Class Certification.

Plaintiff's counsel filed the thirteen cases now at issue within months of decertification of the *Doyle* collective action. Defendant now seeks consolidation for purposes of all pre-trial proceedings. (DN 17, at p. 1). Plaintiff opposes consolidation largely because of the efforts EnSite took to decertify the collective action in *Doyle*, arguing that consolidation now would be tantamount to recertifying the class. (DN 29 at p. 1). In its reply, Defendant distinguishes its argument for decertification in *Doyle* from its present argument for consolidation, noting that the two judicial processes are entirely unrelated. (DN 35, at p. 1–2).

## II.  Standard of Review

Rule 42 of the Federal Rules of Civil Procedure permits consolidation of actions "when common questions of law or fact are pending before the court." *Carpenter v. GAF Corp.*, 16 F.3d 1218, at *1 (6th Cir. 1994) (table decision). Under Rule 42(a), a court may: (1) join for hearing or trial all matters at issue in the action; (2) consolidate the action; or (3) issue any other orders to avoid unnecessary cost or delay. *See* Fed. R. Civ. P. 42(a). The goal of consolidation is "to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal quotation marks and citations omitted).

When considering a request for consolidation under Rule 42, the Court should determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple

lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned . . . [.]"

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir.1993). In doing so, courts must be careful to avoid prejudice or unfair advantage for either party. *Id.*; *see also MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*, No. 2:09-CV-521, 2009 WL 2983072, at *1 (S.D. Ohio Sept. 14, 2009) ("Any savings of litigant and judicial resources achieved by consolidation must be balanced against any prejudice to the parties, including potential confusion of the issues, which might result from consolidation.").

Consolidation under Rule 42 is a matter within the discretion of the Court and is reviewed only for abuse of discretion. *Cantrell*, 999 F.2d at 1011. Even where cases are consolidated, they retain their separate identities. *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 606 (6th Cir. 1985). And while "consolidation is permitted as a matter of convenience and economy in administration, [it] does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933).

## III. Analysis

EnSite moves the Court to consolidate the ten similar cases pursuant to Rule 42(a). (DN 17, at p. 1). EnSite argues that although there are general factual distinctions, consolidation is proper because the cases involve the same Defendant and common questions of law. (*Id.*). EnSite does acknowledge that the *Albert* action contains legally distinct allegations related to its OMFWA claims. (*Id.* at p. 5). EnSite further contends that consolidation would promote efficiency, avoid duplication of discovery and judicial efforts, and avoid inconsistent outcomes. (*Id.* at p. 1).

Brown positions that EnSite is merely forum shopping because she believes its argument for decertification in *Doyle* contradicts its present argument for consolidation. (DN 29, at p. 1).

4

She points to EnSite's admission in *Doyle* that material factual distinctions exist between the subsets of inspectors under which the various plaintiffs fall. (*Id.*). Brown argues that consolidation now would effectively recertify the class after EnSite convinced the Texas court that the claims were "overwhelmingly individual" in nature. (*Id.* at p. 1, 3). Finally, Brown contends that consolidation would result in delay, prejudice, and undue burden to the plaintiffs. (*Id.* at p. 3). This is particularly true, Brown argues, for those who were members of the *Doyle* collective action, where some discovery already took place. (*Id.*).

### A.  Common Questions of Law or Fact

Questions of law or fact need not be identical for purposes of Rule 42 consolidation. *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 390 F.R.D. 436, 440 (S.D. Ohio 2015). Rather, Rule 42 is permissive, and the Court has discretion to consolidate if at least some common questions of fact or law are present. *Webb v. Just In Time, Inc.*, 769 F. Supp. 993, 994 (E.D. Mich. 1991); *see also Brewer v. Republic Steel Corp.*, 64 F.R.D. 591 (N.D. Ohio 1974), *aff'd*, 513 F.2d 1222 (6th Cir. 1975) (finding consolidation appropriate where there were some common questions of fact and nearly identical legal issues).

Here, the cases involve the same parties, EnSite and various inspectors. Twelve of the actions arise out of the same general series of events: each plaintiff was at some point employed by EnSite and paid a day rate without overtime. All thirteen actions allege that EnSite's method of compensation violated the FLSA and KWHL. The *Albert* action arises out of similar events but brings additional claims arising under the OMFWA and does so on behalf of a collective group of inspectors.

Although similar allegations are made in the *Albert* case related to nonpayment of overtime, there are several factual and legal distinctions between it and the other twelve matters.

First, Albert brings his FLSA and KWHL claims in the form of a class action on behalf of himself and similarly situated Electrical Inspectors. (DN 17-7, at p. 5). *Albert* is the only case with collective claims. Additionally, he brings claims on behalf of himself and the same collective group under the OMFWA. (*Id.*). Whether these Ohio claims can even be heard in this Court is for the District Judge to determine, but their presence further distinguishes the matter from the remaining twelve.

All thirteen matters undoubtedly share at least some factual or legal issues. With these considerations in mind, the Court turns to whether specific risks of prejudice are overborne by the risk of inconsistent outcomes or savings of litigant and judicial resources achieved by consolidation.

### B.  Efficiency versus Prejudice to Plaintiffs

Absent prejudice, consolidation is generally the most efficient method of adjudicating cases arising from common issues of law or fact. *MacLean*, 2009 WL 2983072, at *1. Efficiency is determined by the need to analyze issues common to all parties, as well as overlap in discovery, witnesses, and evidence. *Id.* at *2. Factors that may cause prejudice or confusion include complex legal theories and factual proof. *Guild Associates*, 390 F.R.D. at 441 (internal citations omitted).

Brown argues that the plaintiffs will be unduly burdened if the cases are consolidated for pre-trial purposes. (DN 29, at p. 3). Citing to EnSite's theory of the case, Brown provides that the duration and extent of discovery required for each plaintiff will be based on the length of their employment with EnSite, their respective positions, and the specific projects on which they worked. (*Id.* at p. 3–4). Thus, she contends that for a plaintiff with a relatively short period of employment and with fewer projects, adjudication of their claim could remain unresolved while unrelated discovery proceeds. (*Id.* at p. 4). Additionally, Brown argues that the plaintiffs who opted

into the *Doyle* collective action have already participated in some discovery and will be unnecessarily delayed if consolidation is granted. (*Id.* at 3).

Brown also argues that the factual distinctions between the cases are significant enough to cause potential confusion during discovery. (*Id.* at p. 4). Brown points to EnSite's affirmative defense that exemptions, exclusions, and/or exceptions apply to each plaintiff's claim, and that each exemption must be determined on that particular plaintiff's evidence alone. (*Id.*). She contends that consolidation could result in substantial confusion as different evidence related to those exemptions is applied to various plaintiffs. (*Id.*).

The Court finds that there is little danger of prejudice or confusion resulting from consolidation because EnSite has moved to consolidate for pre-trial purposes only. The Court trusts that the parties are well-equipped to distinguish themselves, their diverse roles and projects, and their individual claims throughout discovery. The Court is similarly capable of making those distinctions should any discovery issues arise. If any of the thirteen matters proceeds to trial, it will do so individually, obviating the risk that a jury would confuse evidence or issues or that either party might be disadvantaged.

Brown's argument that some of the plaintiffs will be delayed by coordination of discovery is similarly unpersuasive. Only one scheduling order was set between the thirteen cases, and it has since been remanded pursuant to the undersigned's Order (DN 34) deferring discovery pending the outcome of this request for consolidation. Further, the fact that some discovery took place in the *Doyle* matter is not sufficient to convince the Court that a coordinated discovery schedule in the present matters would be unduly burdensome for the plaintiffs.

Having considered the risk of prejudice to the plaintiffs, the Court finds that consolidation for pre-trial purposes is warranted as to twelve of the thirteen related cases, as there is likely to be

extensive overlap in discovery. Any potential burden on the plaintiffs in these matters is overborne by the various advantages of consolidation, including the commonality of legal and factual issues and the conservation of judicial resources.

Although the Court finds consolidation to be appropriate for twelve of the matters, Brown's argument is well taken as to the *Albert v. EnSite* case. While there are factual and legal commonalities between *Albert* and the other cases, the Court finds that excluding it from consolidation would better serve the parties. The *Albert* class has yet to be certified, and its status as a collective action presents unique issues that could make coordinating discovery with the other cases difficult. In addition, the legal issues surrounding the OMFWA claims in *Albert* are entirely distinct from those of the other twelve cases and present discrete jurisdictional concerns. Accordingly, consolidation will be granted as to the twelve similar cases and denied as to *Albert*.

ORDER

For the above-stated reasons, Defendant EnSite USA's Motion to Consolidate (DN 17) is **GRANTED** in part and **DENIED** in part**.**

The cases *Tonya Givens Brown v. EnSite USA, Inc.*, Case No.: 3:21-cv-00380-BJB; *John Cunningham v. EnSite USA, Inc.*, Case No: 3:21-CV-00381-BJB; *Richard Fleming v. EnSite USA, Inc.*, Case No: 3:21-CV-00382-BJB; *Roger Dale Groves v. EnSite USA, Inc.*, Case No: 3:21-CV-00383-BJB; *Philip Ray Miller v. EnSite USA, Inc.*, Case No: 3:21-CV-00384-BJB; *Dave Schoenbachler v. EnSite USA, Inc.*, Case No: 3:21-CV-00385-BJB; *Michael Townsend v. EnSite USA, Inc.*, Case No: 3:21-CV-00386-BJB; *John Wells v. EnSite USA, Inc.*, Case No: 3:21-CV-00387-BJB; and *Ronald Zingg v. EnSite USA, Inc.*, Case No: 3:21-CV-00388-BJB will be consolidated for pre-trial purposes.

Consolidation is denied as to *Norris Albert v. EnSite USA Inc.*, Case No: 3:21-CV-00418-BJB, and it will proceed individually.

The Court on its own initiative orders that the cases *Mark Baber v. EnSite USA, Inc.*, Case No: 3:21-CV-00591-BJB; *Kevin Perkins v. EnSite USA, Inc.*, Case No: 3:21-CV-00581-BJB; and *Jack Buehner v. EnSite USA, Inc.*, Case No: 3:21-CV-00574, be consolidated with the nine similar cases.

The District Judge will issue a separate order setting a Rule 16 Conference and requiring the parties to meet and create a litigation schedule pursuant to Rule 26(f).

**IT IS SO ORDERED.**

Regina S. Edwards, Magistrate Judge
United States District Court

November 5, 2021

Copies:          Counsel of Record

9